# LANCARTE LAW, P.L.L.C.
*Create, Inspire, and Let Us Take Care of the Details.*™

September 22, 2022

Honorable Judge Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*via ECF e-file*
cc: Torres_NYSDChambers@nysd.uscourts.gov

Re:  *Hamilton v. Hernandez et al*, Case No. 1:22-CV-06172-AT
Letter to the Court detailing Plaintiff's efforts to serve Defendant Hernandez

Dear Judge Torres:

I am the attorney and representative of Plaintiff Warren Hamilton, Jr.

Plaintiff Warren Hamilton, Jr. first filed suit against Defendant Daniel Hernandez in the above referenced action on July 20, 2022.

Prior to filing Plaintiff's present action before this Court, Plaintiff had previously filed a notice of opposition to Defendant Hernandez's pending trademark registration of the contested 6IX9INE mark (Serial No. 88808682) in Proceeding Number 91271966 (the "**Proceeding**") before the United States Trademark Trial and Appeals Board ("**TTAB**"). Defendant Hernandez's attorney in the Proceeding is Robert Meloni. During the Proceeding and pursuant to the TTAB's Scheduling Order, Defendant Hernandez was supposed to serve Initial Disclosures to Plaintiff Hamilton on or before May 14, 2022 that would have included the address and telephone phone number of Defendant Hernandez. *See* attached **Exhibit A** (TTAB Scheduling Order dated March 15, 2022); *see* 37 C.F.R. § 2.120(a)(1) ("The provisions of Rule 26 of the Federal Rules of Civil Procedure relating to required disclosures…are applicable to Board proceedings in modified form, as noted in these rules…."); *see also* Trademark Trial and Appeal Bord Manuel of Procedure § 401.02 (revised June 2022) ("Each party involved in an inter parties proceeding is obligated to make initial disclosures to every other party, by the deadline set in the Board's institution order."); *see also* Fed. R. Civ. Pro. 26(a)(1)(A) (Requiring the disclosure of the name, address and telephone number of each individual with discoverable information). However, Defendant Hernandez failed to serve the required Initial Disclosures by such deadline. Thereafter, on June 7, 2022, Plaintiff Hamilton filed a motion to compel Initial Disclosures in the Proceeding. On July 7, 2022, the TTAB issued an order compelling Defendant Hernandez to file an answer to Plaintiff's amended notice of opposition and to serve initial disclosures within 30 days from the date of such order (i.e., August 6, 2022). *See* attached **Exhibit B** (TTAB Order dated July 7, 2022).

   While Plaintiff Hamilton also filed this separate federal action against Defendant Hernandez before this Court on July 20, 2022, Plaintiff Hamilton did not immediately attempt to serve Hernandez, because as a preliminary matter, this Court had not yet ruled on my motion to appear pro hac vice and represent Plaintiff Hamilton in this action. *See* ECF Doc 2. This Court did not grant my motion to appear and practice pro hac vice until August 5, 2022. *See* ECF Doc 11.

   Immediately, after I was admitted pro hac vice, I requested that summons be issued on all named defendants to the present action including Defendant Hernandez. *See* ECF Docs 13-15. The Clerk of this Court issued the requested summons on all defendants on August 8, 2022. *See* ECF Docs 16-18.

   Additionally, after Defendant Hernandez failed to provide his Initial Required Disclosures and amended answer to Plaintiff's Amended Notice of Opposition by the Proceeding deadline of August 6, 2022, Plaintiff Hamilton moved for entry of default judgment in the Proceeding on August 9, 2022.

   On August 9, 2022, Defendant Hernandez's attorney, Robert Meloni, emailed me to explain that Mr. Meloni had a heart attack during the week of July 7, 2022 and "had not quite gotten back into the swing of work." Mr. Meloni asked if Plaintiff would consider withdrawing Plaintiff's motion for entry of default. *See* **Exhibit C** (Email from Attorney Robert Meloni dated July 7, 2022).

   On August 10, 2022, I responded in an email to Mr. Meloni that explained that Plaintiff was willing to withdraw the present motion to dismiss, provided the parties could come to an agreement on when Defendant Hernandez would provide the Initial Disclosures and when Defendant Hernandez would serve and file an amended answer, and provided that we could also agree on a joint motion to extend the scheduling deadlines in the Proceedings. I also explained to Mr. Meloni that Plaintiff had filed this present federal lawsuit in the Southern District of New York, and I attached to such email for Mr. Meloni's reference a copy of the summons, a copy of the complaint, a copy of this Court's pre-scheduling order dated August 4, 2022, this Court's order to conserve resources dated August 4, 2022, a copy of your Honor's individual practices and procedures, and a copy of the Southern District of New York's local rules. Additionally, in such email to Mr. Meloni, I also specifically inquired on whether Mr. Meloni would be willing to waive service on behalf of his client to avoid the expense of personal service, and if so, I informed Mr. Meloni that I would be willing to prepare the waiver documents and send them to him to sign on behalf of his client pursuant to Fed. R. Civ. Pro. 4(d). *See* **Exhibit D** (Email to Robert Meloni dated August 8, 2022).

   On August 15, 2022, Mr. Meloni responded to my email from August 10, 2022 to propose dates on when he would provide Hernandez's amended answer and initial disclosures in the Proceedings, Mr. Meloni also mentioned the he was agreeable to the joint motion to extend the scheduling deadlines in the Proceeding, and with regard to the requested waiver of service of Hernandez in this federal action, Mr. Meloni stated, "Need to confer with client but will recommend." *See* **Exhibit E** (Email to Robert Meloni dated August 15, 2022). Accordingly,

Plaintiff continued to patiently wait to hear back from Mr. Meloni on the requested waiver of service for Defendant Hernandez.

On August 15, 2022 at 4:13 P.M. and August 16, 2022 at 6:29 P.M., I sent again emails to Mr. Meloni to follow-up on the requested waiver of service. *See* **Exhibit F** (Emails to Robert Meloni dated August 15, 2022 and August 16, 2022).

On August 19, 2022, Mr. Meloni provided me with a copy of Mr. Herndanez's Amended Answer to the First Amended Notice of Opposition, but Mr. Meloni never filed such Amended Answer with the TTAB. On this day, I wrote back to Mr. Meloni with several questions including inquiry on whether Mr. Hernandez was willing to waive service of the federal complaint and summons. *See* **Exhibit G** (Email to Robert Meloni dated August 19, 2022).

After August 19, 2022, I did not hear from Mr. Meloni until August 30, 2022 when he sent me an email with a proposed joint motion to adjust the scheduling dates in the Proceedings. Thereafter, on that same day, I called Mr. Meloni to inquire on Hernandez's outstanding Initial Disclosures and whether Mr. Meloni was going to accept and waive service on behalf his client in the present action before this Court. Mr. Meloni again apologized for failing to provide me with the Initial Disclosures. During the call, Mr. Meloni also admitted to me for the first time that:

1. Mr. Meloni had not spoken to his client, Daniel Hernandez, in months;
2. Mr. Meloni did not know where Mr. Hernandez was located;
3. The address of 1650 Broadway, Suite 505A, New York, NY 10019 that Plaintiff had provided in the Complaint for Daniel Hernandez, which had been taken from Hernandez's trademark application filed with the USPTO, was the address of Mr. Hernandez's former business manager, and such address was not valid as Mr. Hernandez had fired such business manager.
4. Mr. Meloni had not been paid for his legal services in sometime; and
5. Mr. Meloni was "dangerously close to having to withdrawal" as counsel for Hernandez.

On September 6, 2022, the TTAB issued a final order sustaining the opposition by Hamilton and refusing the registration of Hernandez's infringing 6IX9INE mark after Hernandez failed to file an amended answer in the Proceeding and file a response to the Plaintiff's motion for default in the Proceeding. *See* **Exhibit H** (TTAB Order dated September 9, 2022). Defendant Hernandez and his attorney Robert Meloni also failed to file the proposed joint motion for extension that the two parties had previously been discussing when Mr. Meloni first mentioned he had a heart attack.

Thereafter, Mr. Meloni sent me an email stating, that the TTAB had issued the default and that he thought we had agreed to the joint motion. *See* **Exhibit I** (Email from Robert Meloni dated September 6, 2022).

I responded to Mr. Meloni's email to explain that the parties' initial agreement to file the joint motion for extension was premised on Mr. Meloni's representation that his heart attack was the reason that the amended answer and initial disclosures were not timely filed and served, but that Mr. Meloni had failed to be forthcoming about the larger issue that he has not been able to

get in touch with his client and did not know where his client is located. Such situation completely compromises the postured representation by Mr. Meloni of Defendant Hernandez in the TTAB Proceeding. Accordingly, I told Mr. Meloni that Plaintiff was no longer agreeable to the proposed extension. *See* **Exhibit J** (Email to Robert Meloni dated September 6, 2022).

Mr. Meloni replied to state that he can't confirm that he will appear in this District Court action due to "poor communication" with his client, and with regards to the Proceeding, Mr. Meloni stated that if my client did not reconsider his position, he would file a motion to set aside the default. *See* **Exhibit K** (Email from Robert Meloni dated September 6, 2022 at 1:51 P.M.).

On September 7, 2022 at 10:23 A.M., I sent another email to Mr. Meloni again raising issue with recent admissions that he did not know where his client was located and had not been in communication with his client in months. I specifically mentioned to Mr. Meloni:

> [Y]our client's absence is going to greatly add to the costs of litigation in both matters. Pursuant to Judge Torres Order from August 8, 2022 (which I sent you a copy of), counsel for all parties in federal district case are suppose to submit a joint letter and a jointly proposed Case Management Plan and Scheduling Order by September 19, 2022. But obviously, since you and I don't know where your client is, I'm going to have to write the Judge Torres explain that additional time will be needed to serve your client whose whereabouts unknown.
>
> I understand that you plan to file a motion to have the default set aside.
>
> Please give me until tomorrow to speak with my client and see if he is willing to reconsider his position as spending time arguing about the default is only going to add to the increased costs that your client has already created for my client by his absence.
>
> Regards,
> Chase

*See* **Exhibit L** (Email to Robert Meloni dated September 6, 2022 at 1:51 P.M.).

On September 7, 2022, I sent an email to Mr. Meloni, stating:

> Robert,
>
> I have conferred with my client on your proposed motion to set aside the default judgment.
>
> In an effort to conserve costs, my client has decided that he will allow your client the proposed extension.

> Accordingly, I propose that we submit a joint motion to have the default judgment set aside.
>
> Do you want to revise the previously proposed motion for extension?
>
> Best,
> Chase

See **Exhibit M** (Email to Robert Meloni dated 9.7.2022 at 2:40 P.M.).

Mr. Meloni responded, "Ok. Thanks."

See **Exhibit N** (Email from Robert Meloni dated 9.7.2022 at 3:34 P.M.).

To date and as of the filing of this letter to this Court, Mr. Meloni has not provided me with a revised proposed motion for extension nor has Mr. Meloni filed any pleadings in the TTAB Proceeding following the TTAB's September 6, 2022 Order terminating the Proceeding.

As this Court is aware, also on September 7, 2022, Plaintiff's and Defendants' TenThousand Projects, LLC and UMG Recordings, Inc., submitted a joint-letter motion requesting an extension for the time allowed for such defendants to file an answer to October 15, 2022, and further requesting that the Court extend the Court's deadline of September 19, 2022 for the parties to submit a joint letter and proposed Case Management Plan and Scheduling Order to 30 days after the date when Defendant Hernandez is served. *See* ECF Doc 21 at 2.

On September 8, 2022, this Court granted and denied in part such joint motion-letter. *See* ECF Doc 22. This Court ordered that Plaintiff submit a letter detailing his efforts to serve Defendant Hernandez. *See id.* On this same day and following my review of such Order, I emailed Mr. Meloni stating the following:

> Robert,
>
> Yesterday, I and counsel for UMG and TenThousandProjects filed a joint letter motion asking for the SDNY to extend a few deadlines.
>
> Specifically, we asked for the the Court to extend the September 19, 2022 deadline for all parties to submit a joint letter and proposed case management plan due to the fact that I have not been able to serve your client. Attached is a copy of the joint motion that was filed.
>
> Today, Judge Torres in the federal suit issued an order adjoining [*sic*] the September 19, 2022 deadline but requiring Plaintiff to

submit a letter detailing his efforts to serve your client by September 22, 2022.

While I previously sent an informal request last month asking if you would waive service on behalf of your client, yesterday, pursuant to Fed. R. Civ. Pro. 4, I mailed to you copies of all the required documents for the requested waiver in the event that you are able to contact and locate your client and he is agreeable to waiving service.

In the meantime, I will be taking additional steps to try and locate and serve your client as Judge Torres obviously wants your client served asap and for my client to give an updated progress report by September 22, 2022.

I would appreciate if you could please try and get in touch with your client to avoid what is foreseeably going to be an expensive endeavor of trying to locate and serve your client since neither of us know where he is presently located. Of course, if your client doesn't want to agree to the waiver or timely respond to the waiver, then we will be asking for the reimbursement of the costs related to such service pursuant to Fed. R. Civ. Pro. 4(d)(2).

I understand and assume that your client is still a resident of the State of New York. His trademark applications require him to provide and keep an updated domiciled address with the USPTO. Do you have a known domiciled address for your client to provide me as required by the Initial Disclosures in the TTAB proceeding?

Appreciate any efforts that you make on your end to help get this service matter resolved and avoid the costs of having to locate and get your client served.

Best Regards,
Chase

*See* **Exhibit O** (Email to Robert Meloni dated September 8, 2022).

To date and as of the filing this letter, I have not heard from Mr. Meloni since September 7, 2022, and as mentioned Mr. Meloni has not filed any pleadings in the TTAB Proceeding following the TTAB September 6, 2022 Order sustaining Hamilton's opposition, refusing Hernandez's proposed registration of 6IX9INE, and terminating the Proceeding. The USPS certified mail tracking number for the waiver documents sent to Mr. Meloni is: 7021 0950 0000 2403 0968; such waiver documents were delivered to Mr. Meloni's address at 3:20 p.m. on September 16, 2022. See **Exhibit P** (USPS Tracking Receipt for waiver documents delivered to Robert Meloni).

Nevertheless, Plaintiff has continued to try and locate Defendant Hernandez for the purposes of service. Specifically, on September 9, 2022, I researched other legal actions and matters in which Defendant Hernandez has been named as a party defendant. From my research, I have learned that Defendant Hernandez has a history of being a hard individual to locate and serve in other legal actions brought against him.

On November 18, 2018, Defendant Hernandez, who was a member of the Nine Trey Gangsta Bloods was arrested on charges of racketeering conspiracy, firearms use, and violent crimes in aid of racketeering. *See* **Exhibit Q** (Letter dated February 18, 2022 from United States District Attorney for Southern District of New York to Judge Engelmayer). Following his arrest, Hernandez agreed to cooperate with the U.S. Government. On January 23, 2019, the defendant pleaded guilty to a nine-count superseding indictment, charging him with, among other things, racketeering conspiracy, violent crimes in aid of racketeering, firearms use, and conspiracy to distribute narcotics in *United States v. Daniel Hernandez,* Case No. 1:18-CR-00834-PAE (S.D.N.Y.). *Id.* On December 18, 2019, this Court sentenced Defendant Hernandez to 24 months' imprisonment, to be followed by five years' supervised release. *Id.* Mr. Hernandez was released from jail on April 2, 2020, and shortly thereafter, Mr. Hernandez began serving his five-year term of supervised release. *See* **Exhibit R** (Letter dated February 9, 2022 from Defendant Hernandez's criminal defense attorney Lance Lazzaro to Judge Engelmayer).

On December 22, 2020, Plaintiffs Sketha Wonzer and Kevin Dozier filed a civil action in this Court against Defendant Hernandez in *Wonzer et al. v. Hernandez*, Case No. 1:20-CV-10836-JPC (S.D.N.Y). At the time such suit was filed, the plaintiffs did not know the address or whereabouts of Defendant Hernandez. *See* **Exhibit S** (Summons of Daniel Hernadnez in Wonzer et al v. Hernandez, address of Hernandez unknown). In an effort to try and effectuate service on Defendant Hernandez, the plaintiffs began by hiring a private investigator to no avail. *See* **Exhibit T** (Declaration of Private Investigator Michael Ciravolo dated April 1, 2021). The private investigator stated that his attempts to locate Defendant Hernandez using public records were to no avail as were calls to family members and associates of Defendant Hernandez. The private investor stated the investigator's company "…also used advance social media monitoring and photography analysis to determine any possible leads of Mr. Hernandez's whereabouts", but based on the postings, the investigator stated that "Mr. Hernandez was constantly on the move and never stayed at a discoverable location." *Id.* The private investigator also stated, "Mr. Hernandez travels with and is surrounded by security guards due to apparent threats to his physical safety. Therefore, even if BDA [the private investigating company] could have located Mr. Hernandez, it would be extremely difficult to get close enough to him to serve him with papers." *Id.* Because such plaintiffs were unable to locate and serve Hernandez personally, on April 1, 2021, such plaintiffs motioned this Court pursuant to Fed. R. Civ. Pro. 4(e) and New York C.P.L.R. § 308(5) for alternative service on Hernandez's criminal defense attorney Lance Lazzaro in the aforementioned criminal case. *See* **Exhibit U** (Pl.'s Mem. in Law in Support of their motion for alternative service in *Wonzer et al. v. Hernandez*). This Court, by order of Judge Cronan, on April 2, 2021, granted plaintiffs' motion and accepted the alternative service on Hernandez's attorney's Lance Lazzaro and Richard Wolfe. *See* **Exhibit V** (Order granting Plaintiff's motion for alternative service in *Wonzer et al. v. Hernandez*). Additionally, after Defendant Hernandez was served by and through his criminal defense attorney Lance Lazzaro,

Letter to the Court  Page 8
September 22, 2022

Defendant Hernandez hired Attorney Robert Meloni to represent him in such civil action brought by Plaintiffs Wonzer and Doizer. *See* **Exhibit W** (ECF Attorney Info Sheet in *Wonzer et al. v. Hernandez*).

Indeed, Mr. Hernandez's appears to be constantly on the move to this day even while under this Court's supervision in the aforementioned criminal case. On July 11, 2022, Defendant Hernandez posted a video to his official Instagram page of him playing a 40-minute sold-out show in Istanbul, Turkey for $500,000.00. *See* **Exhibit X** (Screen shots of Hernandez's Instagram post from July 11, 2022). Then, on July 25, 2022, Defendant Hernandez posted another video to his Instagram page of him giving a $1000.00 to a family in Ecuador. *See* **Exhibit Y** (Screen shots of Hernandez's Instagram post from July 25, 2022). Then, on July 30, 2022, Defendant Hernandez posted another video of him giving away money in Brazil. *See* **Exhibit Z** (Screen shots of Hernandez's Instagram post from July 30, 2022). Then, on September 19, 2022, Defendant Hernandez posted another video of an unidentified individual going into men's restroom at an unidentified location and punching another unidentified man, who appears to have been using a urinal. See **Exhibit AA** (Screen shots of Hernandez's Instagram post from September 19, 2022). Also, on September 19, 2022, Defendant Hernandez posted another video on his Instagram story timeline of him driving down an unidentified freeway rapping along to a song. Such video was taken down before I was able to take a screen shot of it. As mentioned, Mr. Hernandez's attorney Robert Meloni admitted to me as of August 20, 2022 that he does not know where Defendant Hernandez is; yet, Mr. Meloni continues to hold himself out as counsel for Defendant Hernandez in the TTAB Proceeding brought by Plaintiff Hamilton and in the other civil lawsuit brought by Plaintiffs Wonzer and Doizer.

In a further effort to try and locate Defendant Hernandez, on September 9, 2022, I also sent additional requests for waiver of service documents for this present action brought by Hamilton in accordance with Fed. R. Civ. P. 4 to each of the criminal defense attorneys that were listed as Defendant Hernandez's attorney in the aforementioned criminal case, namely the following individuals:

Lance Lazzaro, Esq.
Lazzaro Law Firm, P.C.
360 Court Street, Suite 3
Brooklyn, NY 11231
*via USPS Certified Mail:* 7021 0950 0000 2403 0975

Dawn M. Florio
Dawn M. Florio Law Firm PLLC
488 Madison Avenue, 20th Floor
New York, NY 10022
*via USPS Certified Mail:* 7021 0950 0000 2403 0982


Alex Spiro, Esq.
Quinn, Emanuel, Urquhart, & Sullivan (NYC)
51 Madison Ave, 22nd Floor

Letter to the Court  
September 22, 2022

Page 9

New York, NY 10010  
*via USPS Certified Mail*: 7021 0950 0000 2403 0999

On September 20, 2022, I received an email from the assistant of attorney Dawn M. Florio, who informed me that Ms. Florio had received my waiver request, but that Ms. Florio no longer represents Mr. Hernandez and her office does not have any contact information for Mr. Hernandez or anyone who may represent him since they stopped representing him back in 2019. *See* **Exhibit BB** (Email from Wendy Bauza, Assistant to Dawn M. Florio, Esq. dated September 20, 2022 at 12:30 P.M.).

As of the date of this letter, I have not heard from Mr. Hernandez's other criminal defense attorneys Lance Lazzaro and Alex Spiro. Based on the tracking numbers given above, my mailing to Mr. Spiro was delivered at 2:23 p.m. on September 12, 2022, and my letter to Mr. Lazzaro is still in route by the USPS as of the filing this letter. In any event, based on my research, Lance Lazzaro appears to still be representing Defendant Hernandez. Earlier this year, on February 9, 2022, Mr. Lazzaro, on behalf of Defendant Hernandez, filed a motion for early termination of the supervised release. *See* **Exhibit R**. But this Court under a ruling issued by Judge Engelmayer on February 25, 2022 denied Defendant Hernandez's request for early termination of supervised release. *See* **Exhibit CC** (Order denying early termination of supervised release).

Therefore, given the fact that Defendant Hernandez exact whereabouts are unknown as Defendant Hernandez is constantly on the move and has security that surrounds him making personal service practically impossible, Plaintiff's Hamilton intends to separately file a motion for alternative service, asking this Court pursuant to Fed. R. Civ. Pro. 4(e) and New York C.P.L.R. § 308(5) for leave to process service upon Defendant Hernandez by personally serving his current counsel Robert Meloni, who has continued to hold himself out to represent Mr. Hernandez in the TTAB Proceeding even though he claims he has not communicated with his client in months and does not know where Mr. Hernandez is located.

Respectfully submitted,

David Chase LanCarte  
LanCarte Law, PLLC  
2817 West End Ave., Suite 126-276  
Nashville, Tennessee 37203  
Tel: 214-935-2430  
Fax: 214-935-2450  
chase@lancartelaw.com

**ATTORNEY FOR PLAINTIFF**  
**WARREN HAMILTON, JR.**