# UNITED STATES DISRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| WARREN HAMILTON, JR., | § | Case No. 1:22-CV-06172-AT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Judge Analisa Torres |
| | § | |
| DANIEL HERNANDEZ, | § | |
| TENTHOUSAND PROJECTS, LLC, and | § | DEMAND FOR TRAIL BY JURY |
| UMG RECORDINGS, INC. | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

**TABLE OF CONTENTS**

I.  INTRODUCTION…………………………………………………….…………....…..1

II.  BRIEF STATEMENT OF FACTS AND PRELIMINARY STATEMENT…..…………..…..1

III.  EFFORTS TO LOCATE AND SERVE DEFENDANT HERNANDEZ…….…………..…..2

IV.   ARGUMENT & AUTHORITIES IN SUPPORT OF SUBSTITUTE SERVICE……..…...15

V.  CONCLUSION…………………………………………………………………………19

# TABLE OF AUTHORITIES

**Cases**

*Astrologo v. Serra*, 240 A.D.2d 606 (2d Dept 1997)………………………………………..…17

*Bd. of Managers of the Spencer Condominium v.*
*Elizabeth Hazan*, No. 154149/2012, 2013 WL 4035351
(Sup. Ct. N.Y. Co. Aug. 8, 2013)…………………………………………………....………19

*Bozza v. Love*, 15-CV-3271 LGS, 2015 WL 4039849
(S.D.N.Y. July 1, 2015)…………………………………………………………….………18

*Breuer v. Castaneda*, 15-CV-5060 (VSB), 2016 WL
11483932 (S.D.N.Y. Apr. 19, 2016)…………………………………………………....…16

*Cengage Learning, Inc. v. Doe 1*, 18-CV-403 (RJS), 2018
WL 2244461 (S.D.N.Y. Jan. 17, 2018)………………………………………………….…16

*Franklin v. Winard*, 189 A.D.2d 717 (1st Dept 1993)…………………………………..….18

*Hernandez v. Moore*, No. 306221/09, 2012 WL 11915476
(Sup Ct. Bronx Co. Dec. 23, 2012)………………………………………………....…19

*Micco v. Conagra Foods, Inc.*, 16-CV-6140, 2016 WL
6839465 (W.D.N.Y. Nov. 21, 2016)……………………………………………….…18

*Rampersad v. Deutsche Bank Sec., Inc.*, 02-CV-7311,
2003 WL 21073951 (S.D.N.Y. May 9, 2003)……………………………………………18

*Ransome v. Epstein*, 17-CV-616, 2018 WL
637421 (S.D.N.Y. Jan. 30, 2018)…………………………………………………....…18

*Restoration Hardware, Inc. v. Light. Design Wholesalers, Inc.*, 17-CV-5553 (LGS), 2020
WL 7093592 (S.D.N.Y. Dec. 4, 2020)………………………………………………....…15

*S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866 (DLC), 1999
WL 1021087 (S.D.N.Y. Nov. 8, 1999)…………………………………………………....…17

**Rules**

Fed. R. Civ. P. 4………………………………………………………....…...1, 15, 19

New York C.P.L.R. § 308………………………………………………………....…1, 16-19

# I.

# INTRODUCTION

Plaintiff Warren Hamilton, Jr. respectfully submits this Memorandum of Law in support of his motion, pursuant to Fed. R. Civ. Pro. 4(e) and New York C.P.L.R. § 308(5), for leave to serve process upon Defendant Daniel Hernandez by personally serving his current counsel Robert Meloni, with such other and further relief as the Court deems just and proper.

# II.

# BRIEF STATEMENT OF FACTS AND PRELIMINARY STATEMENT

This action arises from a trademark dispute over Defendant Hernandez and other defendants' subsequent use of the 6IX9INE mark to sell the same and/or substantially similar goods and service as Plaintiff, who is the senior user of the SIX9 mark. To date, all defendants to Plaintiff's present action before this Court have been served except for Defendant Hernandez.

Since August 5, 2022, when Plaintiff's attorney was first admitted by this Court to appear pro hac vice and represent Plaintiff in this present action, Plaintiff has continuously endeavored to try and obtain service of process on Defendant Hernandez as previously explained in Plaintiff's detailed letter to the Court dated September 22, 2022. *See* ECF Docs 12 & 23-27. Plaintiff brings this motion for leave to use alternative service, because Plaintiff has been unable to locate a valid address to serve Defendant Hernandez as Defendant Hernandez's present location is not known, even by his current attorney Robert Meloni, and Defendant Hernandez appears to be constantly on the move and surrounded by security, making personal service on Mr. Hernandez practically impossible. Attorney Robert Meloni currently holds himself out as counsel for Daniel Hernandez

1

and thus would be bound to communicate with his client about these proceedings after being served pursuant to Court order.

## III.

## EFFORTS TO LOCATE AND SERVE DEFENDANT HERNANDEZ

On September 22, 2022, in accordance with the Court's September 8, 2022 order [ECF Doc 22], Plaintiff submitted a letter to this Court detailing his efforts to locate and serve Defendant Hernandez. *See* ECF Docs 23-27.

Plaintiff again explains his efforts to locate and serve Defendant Hernandez herein since incorporations by reference of facts are not allowed in a memorandum of law pursuant to Judge Torres' Individual Practices under III.D.

Prior to filing Plaintiff's present action before this Court, Plaintiff had previously filed a notice of opposition to Defendant Hernandez's pending trademark registration of the contested 6IX9INE mark (Serial No. 88808682) in Proceeding Number 91271966 (the "**Proceeding**") before the United States Trademark Trial and Appeals Board ("**TTAB**"). Defendant Hernandez's attorney in the Proceeding is Robert Meloni. During the Proceeding and pursuant to the TTAB's Scheduling Order, Defendant Hernandez was supposed to serve Initial Disclosures to Plaintiff Hamilton on or before May 14, 2022 that would have included the address and telephone phone number of Defendant Hernandez. *See* ECF Doc 23-1 (TTAB Scheduling Order dated March 15, 2022); *see* 37 C.F.R. § 2.120(a)(1) ("The provisions of Rule 26 of the Federal Rules of Civil Procedure relating to required disclosures…are applicable to Board proceedings in modified form, as noted in these rules…."); *see also* Trademark Trial and Appeal Bord Manuel of Procedure § 401.02 (revised June 2022)  ("Each party involved in an inter parties proceeding is obligated to make

initial disclosures to every other party, by the deadline set in the Board's institution order."); *see also* Fed. R. Civ. Pro. 26(a)(1)(A) (Requiring the disclosure of the name, address and telephone number of each individual with discoverable information). However, Defendant Hernandez failed to serve the required Initial Disclosures by such deadline. Thereafter, on June 7, 2022, Plaintiff Hamilton filed a motion to compel Initial Disclosures in the Proceeding. On July 7, 2022, the TTAB issued an order compelling Defendant Hernandez to file an answer to Plaintiff's amended notice of opposition and to serve initial disclosures within 30 days from the date of such order (i.e., August 6, 2022). *See* ECF Doc 23-2 (TTAB Order dated July 7, 2022).

While Plaintiff Hamilton also filed this separate federal action against Defendant Hernandez before this Court on July 20, 2022, Plaintiff Hamilton did not immediately attempt to serve Hernandez, because as a preliminary matter, this Court had not yet ruled on Plaintiff's attorney's motion to appear pro hac vice and represent Plaintiff Hamilton in this action. *See* ECF Doc 2. This Court did not grant Plaintiff's attorney motion to appear and practice pro hac vice until August 5, 2022. *See* ECF Doc 11.

Immediately, after Plaintiff's attorney was admitted pro hac vice, Plaintiff requested that summons be issued on all named defendants to the present action including Defendant Hernandez. *See* ECF Docs 13-15. The Clerk of this Court issued the requested summons on all defendants on August 8, 2022. See ECF Docs 16-18.

Additionally, after Defendant Hernandez failed to provide his Initial Required Disclosures and amended answer to Plaintiff's Amended Notice of Opposition by the Proceeding deadline of August 6, 2022, Plaintiff Hamilton moved for entry of default judgment in the Proceeding on August 9, 2022.

On August 9, 2022, Defendant Hernandez's attorney, Robert Meloni, emailed Plaintiff's attorney to explain that Mr. Meloni had a heart attack during the week of July 7, 2022 and "had not quite gotten back into the swing of work." *See* **ECF Doc 23-3** (Email from Attorney Robert Meloni dated July 7, 2022). Mr. Meloni asked if Plaintiff would consider withdrawing Plaintiff's motion for entry of default. *Id.*

On August 10, 2022, Plaintiff's attorney responded in an email to Mr. Meloni that explained that Plaintiff was willing to withdraw the present motion to dismiss, provided the parties could come to an agreement on when Defendant Hernandez would provide the Initial Disclosures and when Defendant Hernandez would serve and file an amended answer, and provided the parties were agreeable to a joint motion to extend the scheduling deadlines in the Proceeding. *See* **ECF Doc 23-4** (Email to Robert Meloni dated August 8, 2022). Plaintiff's attorney also explained to Mr. Meloni that Plaintiff had filed this present federal lawsuit in the Southern District of New York, and Plaintiff's attorney attached to such email for Mr. Meloni's reference a copy of the summons, a copy of the complaint, a copy of this Court's pre-scheduling order dated August 4, 2022, this Court's order to conserve resources dated August 4, 2022, a copy of your Honor's individual practices and procedures, and a copy of the Southern District of New York's local rules. *Id.* Additionally, in such email to Mr. Meloni, Plaintiff's attorney also specifically inquired on whether Mr. Meloni would be willing to waive service on behalf of his client to avoid the expense of personal service, and if so, Plaintiff's attorney informed Mr. Meloni that Plaintiff's attorney would be willing to prepare the waiver documents and send them to him to sign on behalf of his client pursuant to Fed. R. Civ. Pro. 4(d). *Id.*

On August 15, 2022, Mr. Meloni responded to Plaintiff's attorney email from August 10, 2022 to propose dates on when Mr. Meloni would provide Hernandez's amended answer and initial disclosures in the Proceeding; Mr. Meloni also mentioned the he was agreeable to the joint motion to extend the scheduling deadlines in the Proceeding, and with regard to the requested waiver of service of Hernandez in this federal action, Mr. Meloni stated, "Need to confer with client but will recommend." *See* **ECF Doc 23-5** (Email to Robert Meloni dated August 15, 2022). Accordingly, Plaintiff continued to patiently wait to hear back from Mr. Meloni on the requested waiver of service for Defendant Hernandez.

On August 15, 2022 at 4:13 P.M. and August 16, 2022 at 6:29 P.M., Plaintiff's attorney sent emails to Mr. Meloni to again follow-up on the requested waiver of service. *See* **ECF Doc 23-6** (Emails to Robert Meloni dated August 15, 2022 and August 16, 2022).

On August 19, 2022, Mr. Meloni provided Plaintiff's attorney with a copy of Mr. Herndanez's Amended Answer to the First Amended Notice of Opposition, but Mr. Meloni never filed such Amended Answer with the TTAB. That same day, Plaintiff's attorney wrote back to Mr. Meloni with several questions including inquiry on whether Mr. Hernandez was willing to waive service of the federal complaint and summons. *See* **Exhibit ECF Doc 23-7** (Email to Robert Meloni dated August 19, 2022).

After August 19, 2022, Plaintiff's attorney did not hear from Mr. Meloni until August 30, 2022 when Mr. Meloni sent Plaintiff's attorney an email with a proposed joint motion to adjust the scheduling dates in the Proceedings. Thereafter, on that same day, Plaintiff's attorney called Mr. Meloni to inquire on Hernandez's outstanding Initial Disclosures and whether Mr. Meloni was going to accept and waive service on behalf his client in the present action before this Court. During the call, Mr. Meloni again apologized to Plaintiff's attorney for failing to provide Plaintiff's

attorney with the Initial Disclosures, and Mr. Meloni admitted to Plaintiff's attorney for the first time that:

1.  Mr. Meloni had not spoken to his client, Daniel Hernandez, in months;

2.  Mr. Meloni did not know where Mr. Hernandez was located;

3.  The address of 1650 Broadway, Suite 505A, New York, NY 10019 that Plaintiff had provided in the Complaint for Daniel Hernandez, which had been taken from Hernandez's trademark application filed with the USPTO, was the address of Mr. Hernandez's former business manager, and such address was not valid as Mr. Hernandez had fired such business manager.

4.  Mr. Meloni had not been paid for his legal services in sometime; and

5.  Mr. Meloni was "dangerously close to having to withdrawal" as counsel for Hernandez.

On September 6, 2022, the TTAB issued a final order sustaining the opposition by Plaintiff Hamilton and refusing the registration of Hernandez's infringing 6IX9INE mark after Hernandez failed to file an amended answer in the Proceeding and file a response to the Plaintiff's motion for default in the Proceeding. *See* **ECF Doc 23-8** (TTAB Order dated September 9, 2022). Defendant Hernandez and his attorney Robert Meloni also failed to file the proposed joint motion for extension that the two parties had previously been discussing when Mr. Meloni first mentioned he had a heart attack.

Thereafter, Mr. Meloni sent Plaintiff's attorney an email stating, that the TTAB had issued the default and that Mr. Meloni thought that the parties had agreed to the joint motion. *See* **ECF Doc 23-9** (Email from Robert Meloni dated September 6, 2022).

Plaintiff's attorney responded to Mr. Meloni's email to explain that the parties' initial agreement to file the joint motion for extension was premised on Mr. Meloni's representation that his heart attack was the reason that the amended answer and initial disclosures were not timely filed and served, but that Mr. Meloni had failed to be forthcoming about the larger issue that he has not been able to get in touch with his client and did not know where his client is located. *See* **ECF Doc 23-10** (Email to Robert Meloni dated September 6, 2022). Accordingly, Plaintiff's attorney told Mr. Meloni that Plaintiff was no longer agreeable to the proposed extension. *Id.*

Mr. Meloni replied to state that he can't confirm that he will appear in this District Court action due to "poor communication" with his client, and with regards to the Proceeding, Mr. Meloni stated that if Plaintiff did not reconsider his position, Mr. Meloni on behalf of Mr. Hernadnez would file a motion to set aside the default in the TTAB proceeding. *See* **ECF Doc 23-11** (Email from Robert Meloni dated September 6, 2022 at 1:51 P.M.).

On September 7, 2022 at 10:23 A.M., Plaintiff's attorney sent another email to Mr. Meloni again raising issue with recent admissions that he did not know where his client was located and had not been in communication with his client in months. *See* **ECF Doc 23-12** (Email to Robert Meloni dated September 6, 2022 at 1:51 P.M.). Plaintiff's attorney specifically mentioned to Mr. Meloni:

> [Y]our client's absence is going to greatly add to the costs of litigation in both matters. Pursuant to Judge Torres Order from August 8, 2022 [*sic* August 4, 2022 Order] (which I sent you a copy of), counsel for all parties in federal district case are suppose to submit a joint letter and a jointly proposed Case Management Plan and Scheduling Order by September 19, 2022. But obviously, since you and I don't know where your client is, I'm going to have to write the Judge Torres explain that additional time will be needed to serve your client whose whereabouts unknown.

> I understand that you plan to file a motion to have the default set aside.
>
> Please give me until tomorrow to speak with my client and see if he is willing to reconsider his position as spending time arguing about the default is only going to add to the increased costs that your client has already created for my client by his absence.
>
> Regards,
> Chase

*Id.*

 On September 7, 2022, at 2:40 P.M., Plaintiff's attorney sent another email to Mr. Meloni,

stating:

> Robert,
>
> I have conferred with my client on your proposed motion to set aside the default judgment.
>
> In an effort to conserve costs, my client has decided that he will allow your client the proposed extension.
>
> Accordingly, I propose that we submit a joint motion to have the default judgment set aside.
>
> Do you want to revise the previously proposed motion for extension?
>
> Best,
> Chase

*See* **ECF Doc 24-1** (Email to Robert Meloni dated 9.7.2022 at 2:40 P.M.).

Mr. Meloni responded, "Ok. Thanks."

*See* **ECF Doc 24-2** (Email from Robert Meloni dated 9.7.2022 at 3:34 P.M.).

To date, Mr. Meloni has not provided Plaintiff's counsel with a proposed joint motion to set aside the default nor has Mr. Meloni filed any pleadings in the TTAB Proceeding following the TTAB's September 6, 2022 Order terminating the Proceeding.

As this Court is aware, also on September 7, 2022, Plaintiff's and Defendants' TenThousand Projects, LLC and UMG Recordings, Inc., submitted a joint-letter motion requesting an extension for the time allowed for such defendants to file an answer to October 15, 2022, and further requesting that the Court extend the Court's deadline of September 19, 2022 for the parties to submit a joint letter and proposed Case Management Plan and Scheduling Order to 30 days after the date when Defendant Hernandez is served. *See* ECF Doc 21 at 2.

On September 8, 2022, this Court granted and denied in part such joint motion-letter. *See* ECF Doc 22. This Court ordered that Plaintiff submit a letter detailing his efforts to serve Defendant Hernandez. *See id.* On this same day, Plaintiff's counsel also emailed Mr. Meloni stating the following:

> Robert,
>
> Yesterday, I and counsel for UMG and TenThousandProjects filed a joint letter motion asking for the SDNY to extend a few deadlines.
>
> Specifically, we asked for the the Court to extend the September 19, 2022 deadline for all parties to submit a joint letter and proposed case management plan due to the fact that I have not been able to serve your client. Attached is a copy of the joint motion that was filed.
>
> Today, Judge Torres in the federal suit issued an order adjoining [*sic*] the September 19, 2022 deadline but requiring Plaintiff to submit a letter detailing his efforts to serve your client by September 22, 2022.
>
> While I previously sent an informal request last month asking if you would waive service on behalf of your client, yesterday, pursuant to Fed. R. Civ. Pro. 4, I mailed to you copies of all the required documents for the requested waiver in the event that you are able to

contact and locate your client and he is agreeable to waiving service.

In the meantime, I will be taking additional steps to try and locate and serve your client as Judge Torres obviously wants your client served asap and for my client to give an updated progress report by September 22, 2022.

I would appreciate if you could please try and get in touch with your client to avoid what is foreseeably going to be an expensive endeavor of trying to locate and serve your client since neither of us know where he is presently located. Of course, if your client doesn't want to agree to the waiver or timely respond to the waiver, then we will be asking for the reimbursement of the costs related to such service pursuant to Fed. R. Civ. Pro. 4(d)(2).

I understand and assume that your client is still a resident of the State of New York. His trademark applications require him to provide and keep an updated domiciled address with the USPTO. Do you have a known domiciled address for your client to provide me as required by the Initial Disclosures in the TTAB proceeding?

Appreciate any efforts that you make on your end to help get this service matter resolved and avoid the costs of having to locate and get your client served.

Best Regards,
Chase

*See* **ECF Doc 24-3** (Email to Robert Meloni dated September 8, 2022).

To date and as of the filing pleading, Plaintiff's attorney has not heard from Mr. Meloni since September 7, 2022, and as mentioned Mr. Meloni has not filed any pleadings in the TTAB Proceeding following the TTAB September 6, 2022 Order sustaining Hamilton's opposition, refusing Hernandez's proposed registration of 6IX9INE, and terminating the Proceeding. The USPS certified mail tracking number for the waiver documents sent to Mr. Meloni is: 7021 0950 0000 2403 0968; such waiver documents were delivered to Mr. Meloni's address at 3:20 p.m. on September 16, 2022. *See* **ECF Doc 24-4** (USPS Tracking Receipt for waiver documents delivered to Robert Meloni).

Nevertheless, Plaintiff has continued to try and locate Defendant Hernandez for the purposes of service. Specifically, Plaintiff's attorney has researched other legal actions and matters in which Defendant Hernandez has been named as a party defendant. From Plaintiff's counsel research, Plaintiff has learned that Defendant Hernandez has a history of being a hard individual to locate and serve in other legal actions brought against him.

On November 18, 2018, Defendant Hernandez, who was a member of the Nine Trey Gangsta Bloods was arrested on charges of racketeering conspiracy, firearms use, and violent crimes in aid of racketeering. *See* **ECF Doc 24-5** (Letter dated February 18, 2022 from United States District Attorney for Southern District of New York to Judge Engelmayer). Following his arrest, Hernandez agreed to cooperate with the U.S. Government. *Id.* On January 23, 2019, the defendant pleaded guilty to a nine-count superseding indictment, charging him with, among other things, racketeering conspiracy, violent crimes in aid of racketeering, firearms use, and conspiracy to distribute narcotics in *United States v. Daniel Hernandez,* Case No. 1:18-CR-00834-PAE (S.D.N.Y.). *Id.* On December 18, 2019, this Court sentenced Defendant Hernandez to 24 months' imprisonment, to be followed by five years' supervised release. *Id.* Mr. Hernandez was released from jail on April 2, 2020, and shortly thereafter, Mr. Hernandez began serving his five-year term of supervised release. *See* **ECF Doc 24-6** (Letter dated February 9, 2022 from Defendant Hernandez's criminal defense attorney Lance Lazzaro to Judge Engelmayer).

On December 22, 2020, Plaintiffs Sketha Wonzer and Kevin Dozier filed a civil action in this Court against Defendant Hernandez in *Wonzer et al. v. Hernandez*, Case No. 1:20-CV-10836-JPC (S.D.N.Y). At the time such suit was filed, the plaintiffs did not know the address or whereabouts of Defendant Hernandez. *See* **ECF Doc 25-1** (Summons of Daniel Hernandez in *Wonzer et al v. Hernandez*, address of Hernandez is stated as unknown). In an effort to try and

effectuate service on Defendant Hernandez, the plaintiffs began by hiring a private investigator to no avail. *See* **ECF Doc 25-2** (Declaration of Private Investigator Michael Ciravolo dated April 1, 2021). The private investigator stated that his attempts to locate Defendant Hernandez using public records were to no avail as were calls to family members and associates of Defendant Hernandez. *Id.* The private investor stated the investigator's company "…also used advance social media monitoring and photography analysis to determine any possible leads of Mr. Hernandez's whereabouts", but based on the postings, the investigator stated that "Mr. Hernandez was constantly on the move and never stayed at a discoverable location." *Id.* The private investigator also stated, "Mr. Hernandez travels with and is surrounded by security guards due to apparent threats to his physical safety. Therefore, even if BDA [the private investigator's company] could have located Mr. Hernandez, it would be extremely difficult to get close enough to him to serve him with papers." *Id.* Because such plaintiffs were unable to locate and serve Hernandez personally, on April 1, 2021, such plaintiffs motioned this Court pursuant to Fed. R. Civ. Pro. 4(e) and New York C.P.L.R. § 308(5) for alternative service on Hernandez's criminal defense attorney Lance Lazzaro in the aforementioned criminal case. *See* **ECF Doc 25-3** (Pl.'s Mem. in Law in Support of their motion for alternative service in *Wonzer et al. v. Hernandez*).  This Court, by order of Judge Cronan, on April 2, 2021, granted plaintiffs' motion and accepted the alternative service on Hernandez's attorney's Lance Lazzaro and Richard Wolfe. *See* **ECF Doc 25-4** (Order granting Plaintiff's motion for alternative service in *Wonzer et al. v. Hernandez*). Additionally, after Defendant Hernandez was served by and through his criminal defense attorney Lance Lazzaro, Defendant Hernandez hired Attorney Robert Meloni to represent him in such civil action brought by Plaintiffs Wonzer and Doizer. *See* **ECF Doc 25-5** (ECF Attorney Info Sheet in *Wonzer et al. v. Hernandez*).

Indeed, Mr. Hernandez's appears to be constantly on the move to this day even while under this Court's supervision in the aforementioned criminal case. On July 11, 2022, Defendant Hernandez posted a video to his official Instagram page of him playing a 40-minute sold-out show in Istanbul, Turkey for $500,000.00. *See* **ECF Doc 26-2** (Screen shots of Hernandez's Instagram post from July 11, 2022). Then, on July 25, 2022, Defendant Hernandez posted another video to his Instagram page of him giving a $1000.00 to a family in Ecuador. *See* **ECF Doc 26-3** (Screen shots of Hernandez's Instagram post from July 25, 2022). Then, on July 30, 2022, Defendant Hernandez posted another video of him giving away money in Brazil. *See* **ECF Doc 26-4** (Screen shots of Hernandez's Instagram post from July 30, 2022). Then, on September 19, 2022, Defendant Hernandez posted another video of an unidentified individual going into men's restroom at an unidentified location and punching another unidentified man, who appears to have been using a urinal. *See* **ECF Doc 27-1** (Screen shots of Hernandez's Instagram post from September 19, 2022). Also, on September 19, 2022, Defendant Hernandez posted another video on his Instagram story timeline of him driving down an unidentified freeway rapping along to a song. Such video was taken down before Plaintiff's Counsel was able to take a screen shot of it. As mentioned, Mr. Hernandez's attorney Robert Meloni admitted to Plaintiff's attorney as of August 20, 2022 that he does not know where Defendant Hernandez is; yet, Mr. Meloni continues to hold himself out as counsel for Defendant Hernandez even after the TTAB Proceeding was terminated and continues to represent Defendant Hernandez in the other civil lawsuit brought by Plaintiffs Wonzer and Doizer.

In a further effort to try and locate Defendant Hernandez, on September 9, 2022, Plaintiff's Counsel also sent additional requests for waiver of service documents for this present action brought by Hamilton in accordance with Fed. R. Civ. P. 4 to each of the criminal defense attorneys

that were listed as Defendant Hernandez's attorney in the aforementioned criminal case, namely the following individuals:

> Lance Lazzaro, Esq.
> Lazzaro Law Firm, P.C.
> 360 Court Street, Suite 3
> Brooklyn, NY 11231
> *via USPS Certified Mail:* 7021 0950 0000 2403 0975
>
> Dawn M. Florio
> Dawn M. Florio Law Firm PLLC
> 488 Madison Avenue, 20th Floor
> New York, NY 10022
> *via USPS Certified Mail*: 7021 0950 0000 2403 0982
>
> Alex Spiro, Esq.
> Quinn, Emanuel, Urquhart, & Sullivan (NYC)
> 51 Madison Ave, 22nd Floor
> New York, NY 10010
> *via USPS Certified Mail*: 7021 0950 0000 2403 0999

On September 20, 2022, Plaintiff's attorney received an email from the assistant of attorney Dawn M. Florio, who informed Plaintiff's attorney that Ms. Florio had received Plaintiff's waiver request, but that Ms. Florio no longer represents Mr. Hernandez and her office does not have any contact information for Mr. Hernandez or anyone who may represent him since they stopped representing him back in 2019. *See* **ECF Doc 27-2** (Email from Wendy Bauza, Assistant to Dawn M. Florio, Esq. dated September 20, 2022 at 12:30 P.M.).

As of the filing of this pleading, Plaintiff's counsel has not heard from Mr. Hernandez's other criminal defense attorneys Lance Lazzaro and Alex Spiro. Based on the USPS tracking numbers given above, Plaintiff's waiver of service mailing to Mr. Spiro was delivered at 2:23 p.m. on September 12, 2022, and Plaintiff's waiver of service mailing to Mr. Lazzaro is still in route by the USPS as of the filing this pleading. In any event, based on Plaintiff's attorney's research, Lance Lazzaro appears to still be representing Defendant Hernandez in the aforementioned criminal case.

Earlier this year, on February 9, 2022, Mr. Lazzaro, on behalf of Defendant Hernandez, filed a motion for early termination of the supervised release. *See* **ECF Doc 24-6**. But this Court under a ruling issued by Judge Engelmayer on February 25, 2022 denied Defendant Hernandez's request for early termination of supervised release. *See* **ECF Doc 27-3** (Order denying early termination of supervised release).

Therefore, given the fact that Defendant Hernandez exact whereabouts are unknown as Defendant Hernandez is constantly on the move and has security that surrounds him making personal service practically impossible, Plaintiff's Hamilton asks the Court, pursuant to Fed. R. Civ. Pro. 4(e) and New York C.P.L.R. § 308(5), for leave to process alternative service upon Defendant Hernandez by personally serving his current counsel Robert Meloni, who has continued to hold himself out to actively represent Mr. Hernandez even after the TTAB Proceeding has ended and despite the fact that Mr. Meloni claims he has not communicated with his client in months and does not know where Mr. Hernandez is located.

## IV.

## ARGUMENT & AUTHORITIES IN SUPPORT OF SUBSTITUTE SERVICE

Rule 4(e) of the Federal Rules of Civil Procedure provides that service upon an individual located in the United States may be accomplished pursuant to the law of the forum state or the state in which service is made. Fed. R. Civ. P. 4(e)(1)("[A]n individual ... may be served in a judicial district of the United States by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made ....."); *see also Restoration Hardware, Inc. v. Light. Design Wholesalers, Inc.*, 17-CV-5553 (LGS), 2020 WL 7093592, at *1 (S.D.N.Y. Dec. 4, 2020)("Plaintiffs' memorandum of law in support of the

motion appropriately relied on state law -- CPLR § 308(5) -- as authorized by Federal Rule of Civil Procedure 4(e)(1).”); *Cengage Learning, Inc. v. Doe 1*, 18-CV-403 (RJS), 2018 WL 2244461, at *4 (S.D.N.Y. Jan. 17, 2018)(holding same).

Pursuant to New York C.P.L.R. § 308(5), service of process may be accomplished “in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.”  Section 308(1) applies to physical, personal service.  Sections 308(2) and  308(4) apply to “leave and mail” and “nail and mail” service at the defendant’s “actual place of business, dwelling place or usual place of abode.”

As detailed above, Plaintiff is unable to find any location at which Mr. Hernandez may be served, let alone an actual place of business, dwelling place or usual place of abode. Simply put, the record reflects that Defendant never stays in one geographic location, has security around him, and even his attorney Robert Meloni allegedly claims that he does not know where his client is located.

Accordingly, C.P.L.R. § 308(5) should apply here because of clear impracticability of service by conventional means.  *See Breuer v. Castaneda*, 15-CV-5060 (VSB), 2016 WL 11483932, at *2 (S.D.N.Y. Apr. 19, 2016)(“Though the impracticability standard is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of ‘due diligence’ under N.Y. C.P.L.R. § 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken. A plaintiff can demonstrate that service by conventional means is ‘impracticable’ by making diligent, albeit unsuccessful, efforts to obtain information regarding a defendant’s current residence, business address or place of abode. A constitutionally proper method of effecting substituted service need not guarantee that in all cases the defendant will in fact receive actual notice. It suffices that the prescribed method is one reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of

the action.")(citations, quotations and brackets omitted); *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866(DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999)("Section 308(5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute."); *Astrologo v. Serra*, 240 A.D.2d 606, 606 (2d Dept 1997)("CPLR 308(5) vests a court with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308(1), (2), and (4) are 'impracticable.' Although the impracticability standard is not capable of easy definition, it does not require the applicant to satisfy the more stringent standard of 'due diligence' under CPLR 308(4), or to make a showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken.")(citations and quotations omitted).

Furthermore, as explained above, Mr. Robert Meloni is currently serving as Mr. Hernandez's counsel and has continued to hold himself out to Plaintiff as Mr. Hernandez's attorney even after the TTAB terminated the TTAB Proceeding on September 6, 2022. *See* also ECF Docs 23-11, Exhibit K (Email from Robert Meloni dated September 6, 2022 at 1:51 P.M., whereby Mr. Meloni continues to hold himself to represent Defendant Hernandez after the TTAB has terminated the proceeding and threatens Plaintiff with filing a motion to set aside the default judgment in the TTAB proceeding – which Mr. Meloni and his client Defendant Hernandez have still not filed.); ECF Doc  24-2, Exhibit N (Email from Robert Meloni dated September 7, 2022 at 3:34 P.M., whereby Mr. Meloni acknowledges that he will prepare a proposed joint motion to set aside the default in the TTAB Proceeding; But to date, Mr. Meloni has not prepared a proposed joint motion to set aside the default judgement for Plaintiff's counsel review nor has Mr. Meloni filed any pleadings with the TTAB since the Proceeding was terminated on September 6, 2022.).

Thus, since Robert Meloni continues to hold himself out as Mr. Hernandez's attorney to Plaintiff's counsel even after the TTAB Proceeding was terminated on September 6, 2022, then Mr.

Meloni would be duty bound to communicate with his client about the proceedings before this Court after being served pursuant Court order.  Accordingly, the Court should rule that personal service upon on Robert Meloni is sufficient. *See Ransome v. Epstein*, 17-CV-616, 2018 WL 637421, at *2 (S.D.N.Y. Jan. 30, 2018)("The Court's ruling that service by email and personal delivery to Haddon Morgan has been reasonably calculated to provide Maxwell with notice of this lawsuit .... Indeed, this order does not even require Haddon Morgan to accept service on behalf of Maxwell, but rather finds that service on Haddon Morgan is likely to provide notice of the lawsuit to Maxwell, given that Haddon Morgan is presumably in contact with Maxwell with regards to their representation of her in the other pending matter."); *Micco v. Conagra Foods, Inc.*, 16-CV-6140, 2016 WL 6839465, at *2 (W.D.N.Y. Nov. 21, 2016)("[P]laintiff is granted permission to effectuate service upon defendant, Epic, Inc., by utilizing alternative methods of service. Plaintiff's request to serve the summons and complaint upon Dennis Brady, Esq. of Goldberg Segalla, LLP, counsel who previously appeared on behalf of Epic at the initial scheduling conference with the Court, is granted. Service of the summons and complaint upon counsel is one of the several permissible forms of alternative service."); *Rampersad v. Deutsche Bank Sec., Inc.*, 02-CV-7311, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003)("Mr. Brant ... is represented by Michael Tarre, Esq.   *** Plaintiff's motion is granted to the extent it requests permission to effect service upon Mr. Brant pursuant to Rule 4(e)(1) by serving the summons and complaint upon Mr. Tarre."); *Bozza v. Love*, 15-CV-3271 LGS, 2015 WL 4039849, at *2 (S.D.N.Y. July 1, 2015)("Plaintiff may effect service on Defendant by serving the Summons and Complaint on Dongell Lawrence Finney LLP, which is counsel of record for Defendant in an unrelated matter."); *Franklin v. Winard*, 189 A.D.2d 717, 717 (1st Dept 1993)("We find no basis to vacate the order directing service upon defendant-appellant's attorneys pursuant to CPLR 308(5). *** [P]laintiff has demonstrated that her efforts to obtain information regarding the appellant's current residence or place of abode through ordinary means, such as a

motor vehicle registration search, had proven ineffectual. This sufficiently demonstrates that service under the other methods provided would be 'impracticable.'"); *Hernandez v. Moore*, No. 306221/09, 2012 WL 11915476, * 3 (Sup Ct. Bronx Co. Dec. 23, 2012) ("Service upon a defendant's attorney may be allowed where after several unsuccessful attempts established impracticability to justify service on attorneys. Based upon the aforementioned which clearly establishes the impracticability of attempting to serve defendant Corrado at her Yorktown Heights address, this Court directs expedient service upon defendant's counsel."); *Bd. of Managers of the Spencer Condominium v. Elizabeth Hazan*, No. 154149/2012, 2013 WL 4035351, *2 (Sup. Ct. N.Y. Co. Aug. 8, 2013)("Plaintiff has provided evidence of its efforts to locate both Defendants Houle and 9221-0228 Quebec, Inc. These efforts have proven to be ineffective as a result of Defendants having moved from the listed address, without providing any forwarding address. As such, Plaintiffs shall serve Defendants 9221-0228 Quebec, Inc.'s Attorney and Houle's Attorney").

## V.

## CONCLUSION

Based upon the foregoing reasons, Plaintiffs respectfully request that the Court, pursuant to Fed. R. Civ. P. 4(e) and New York C.P.L.R. § 308(5), grant him leave to serve process upon Defendant Daniel Hernandez by personally serving his current counsel, Robert Meloni, Esq., with such other and further relief as the Court deems just and proper.

Dated: September 23, 2022

Respectfully submitted,

_____

David Chase LanCarte

LanCarte Law, PLLC
2817 West End Ave., Suite 126-276
Nashville, Tennessee 37203
Tel: 214-935-2430
Fax: 214-935-2450
chase@lancartelaw.com

**ATTORNEY FOR PLAINTIFF
WARREN HAMILTON, JR.**

## CERTIFICATE OF SERVICE

On this 23st day of September, 2022, I do hereby certify that I have forwarded by U.S. mail a true and correct copy of the above and foregoing pleading to:

Mr. Daniel Hernandez
Attn: Mr. Robert Meloni, Esq.
c/o Meloni & McCaffery, APC
3 Columbus Circle – 15th Floor
New York, NY 10019

_____
David Chase LanCarte