# MELONI & MCCAFFREY

A Professional Corporation
ATTORNEYS AT LAW
3 Columbus Circle | 15th Floor
New York, New York 10019
Telephone: (212) 520-6090
Facsimile: (917) 210-3758
www.m2lawgroup.com

Robert S. Meloni
Thomas P. McCaffrey

Writer's Direct Telephone: (917) 331-9556
Writer's Email: rmeloni@m2lawgroup.com

October 7, 2022

**By ECF**

Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
Courtroom 15D
500 Pearl St.
New York, NY 10007-1312

Re: <u>Warren Hamilton Jr. v. Daniel Hernandez et al</u> [Case No. 1:22-CV-06172-AT]

Dear Judge Torres:

    I am writing in connection with the Motion for Alternative Service filed by Plaintiff Warren Hamilton, Jr. (Dkt. Nos. 34 and 35). Plaintiff seeks leave to serve me personally in lieu of service on Defendant Daniel Hernandez. For the following reasons, I object to such alternative service.

    I am not a party to this litigation. I do not represent any party in this litigation.

    In May 2021, I took on representation of Mr. Hernandez in a number of pending lawsuits in state and federal courts around the United States. At the time, Brian Caplan, Mr. Hernandez's then litigation counsel on most of those cases, filed motions to withdraw as Mr. Hernandez's counsel. The reasons provided by Mr. Caplan included non-payment of fees as well as a total inability to communicate with Mr. Hernandez. I am now faced with the same dilemma as Mr. Caplan and intend to file motions to withdraw in every case where I am counsel of record for Mr. Hernandez.[1]

    In or about July-August 2022, I had email and telephonic communications with David Chase LanCarte, counsel for plaintiff, concerning proceedings pending before the Trademark Trial and Appeal Board. At the time, Mr. LanCarte had asked whether I would be willing to accept service

---

[1] Two of those cases that have pressing deadlines, *Wonzer et al v. Hernandez*, Case No. 1:20-cv-10836 (E.D.N.Y.) and *Matsuba v. Hernandez*, N.Y. Supreme Court, N.Y. Co., Index No. 156473/2021). In those cases, I intend to file responses to pending motions filed by the plaintiffs before I file my motions to withdraw. Those responses do not require Mr. Hernandez's cooperation or input and my filing those responses is being done purely out of my sense of professional duty.

Honorable Analisa Torres
October 7, 2022
Page 2

of the Complaint in this case. I advised Mr. LanCarte of the difficulties I was having communicating with Mr. Hernandez in the TTAB matter, as well as the other cases I was handling for Mr. Hernandez. I advised Mr. LanCarte that I would attempt to contact Mr. Hernandez about this case, which I did (by phone) but without success.

At the beginning of my representation of Mr. Hernandez in mid-2021, apart from an introductory phone call with Mr. Hernandez, I had no direct communications with Mr. Hernandez. Instead, whenever I needed to consult with someone about the matters I was handling, I communicated almost entirely with Justin Kobay, the then-business manager for Mr. Hernandez and his companies, or Mr. Hernandez's then-business lawyers, Davis Shapiro Lewit Grabel & Leven, LLP, who had referred Mr. Hernandez to me.

By early-2022, the Davis, Shapiro firm stopped all representation of Mr. Hernandez. In early March 2022, Mr. Kobay resigned as his business manager. My attempts at communication with Mr. Hernandez after that time were exclusively by telephone calls or texts. Mr. Hernandez rarely answered the phone or rarely responded to my texts. I was never even sure he had seen or read any of my texts. I have not spoken to or communicated with Mr. Hernandez in over four months.

Mr. Hernandez does not have and has never had an email account. I do not have his current (or last known) residence address.

To my knowledge, he does not have a business lawyer, business manager or personal manager. He may still be represented in his criminal case by attorney Lance Lazzaro, although I cannot say whether that representation is ongoing.[2]

In addition, Mr. Hernandez owes my firm approximately $400,000 in unpaid legal fees and shown both an unwillingness and/or an inability to pay those fees or any new fees on an ongoing basis.

I just learned from someone who knows a member of Mr. Hernandez's family that Mr. Hernandez recently changed his phone number – the only number I have ever had for him. Mr. Hernandez did not advise me he had done that and did not provide me with his new number.

---

[2] Mr. Lazzaro represented Mr. Hernandez in the criminal case *United States v. Daniel Hernandez* (S.D.N.Y. 18 Cr. 0834-04(PAE)), which was Terminated on 12/20/2019. The last docket entry for that case from Mr. Lazzaro was an application for early termination or reduction of Mr. Hernandez's five-year term of supervised release filed 3/2/2022 (Dkt. No. 626). It is worth noting that at the sentencing hearing in that case, Mr. Hernandez acknowledged his past affiliation with a violent street gang called Nine Trey Blood Gang. Judge Engelmayer noted his cooperation in offering testimony against the members of Nine Trey (which led to their convictions) was not only substantial, but also extraordinary. *See* Transcript of hearing on 12/20/2019, Dkt. No. 395, at pp. 59-60, 77. Mr. Lazzaro noted that as a result of his cooperation, Mr. Hernandez "will be a target to any gang member who thinks they want to make their name known by taking a shot at Tekashi 6ix9ine. He has got a lifelong sentence Judge." *Id.*, p. 47. Judge Engelmayer noted that "[Mr. Hernandez's] very public cooperation against the gang and its leaders dramatically elevated the risk to you and your family." *Id.*, p. 80. As result, Mr. Hernandez's residence or whereabouts have been a closely guarded secret, kept even from me.

Accordingly, at this point, I have no way of contacting Mr. Hernadez about the cases I am handling for him, or this case should the court permit Plaintiff to serve me with the pleadings in the alternative.

Courts have recognized that the fundamental purpose of service is to give a defendant notice of the claims against them and that due process requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sheldon v. Plot Commerce*, 2016 U.S. Dist. LEXIS 116135, **19-20 (E.D.N.Y. Feb. 26, 2018) (*quoting DPWN Holdings (USA), Inc. v. United Air Lines*, 871 F. Supp. 2d 143, 154 (E.D.N.Y. 2012). However, service of the pleadings in this case on me would not be reasonably calculated to provide Mr. Hernadez with notice of this lawsuit and an opportunity to respond because I have no way of advising Mr. Hernandez of same.

Accordingly, to the extent it asks that alternative service be made on me, I respectfully request that Plaintiff's motion be denied.

                                        Respectfully,

                                        MELONI & MCCAFFREY APC

                                        By: _____
                                                Robert S. Meloni

cc: David Chase LanCarte, Esq. (by email and ECF)