**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------  x
WARREN HAMILTON, JR.,                                               :
                                                                    :
                          Plaintiff,                                :
                                                                    :       Case No. 1:22-CV-06172-AT
                  v.                                                :
                                                                    :       ANSWER OF DEFENDANT
DANIEL HERNANDEZ, 6IX9INE                                           :       UMG RECORDINGS, INC.
ETNERTAINMENT, INC., TENTHOUSAND                                    :
PROJECTS, LLC, and UMG RECORDINGS, INC.,                            :
                                                                    :
                          Defendants.                               :
                                                                    :
-------------------------------------------------------------------  X
```

Defendant UMG Recordings, Inc. ("UMG"), by its attorneys, Cowan, Liebowitz &

Latman, P.C., as and for its Answer to the First Amended Complaint of Plaintiff Warren

Hamilton, Jr. ("Plaintiff"), alleges as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the First Amended Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the First Amended Complaint, except admits that

Hernandez is a rap and hip-hop artist who has used the name 6IX9INE in connection with

performances and recordings.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 of the First Amended Complaint, except admits that

Plaintiff purports to bring an action for trademark infringement and unfair competition under the

cited provision of the Lanham Act.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 4 of the First Amended Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint, except admits that Hernandez is a rapper and songwriter professionally known as 6IX9INE.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint.

8.      Admits the allegations contained in paragraph 8 of the First Amended Complaint, except denies that UMG is a publishing company.

9.      In response to the allegations contained in paragraph 9 of the First Amended Complaint, admits that the Court has subject matter jurisdiction over the lawsuit

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint, except admits that venue is proper in this district.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the First Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the First Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the First Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the First Amended Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the First Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the First Amended Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the First Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the First Amended Complaint, except admits that Hernandez is a rapper and hip-hop artist.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the First Amended Complaint,

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the First Amended Complaint.

30057/027/4196509.1

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the First Amended Complaint, except admits that the CEO of UMG is Sir Lucian Grainge (the father of Elliot Grainge), UMG does business in New York and has an office in New York located at 1755 Broadway, UMG has distributed Hernandez's musical recordings using the name 6IX9INE throughout the country, and that UMG has an agreement with TenThousand Projects, LLC which includes a provision concerning indemnity.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the First Amended Complaint, except admits that Hernandez has achieved some popularity under the name 6IX9INE.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the First Amended Complaint, except admits that UMG has distributed Hernandez's recordings.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the First Amended Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the First Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the First Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the First Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the First Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the First Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the First Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the First Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the First Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the First Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the First Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the First Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the First Amended Complaint, except admits that Hamilton purports to bring this civil action to enforce his trademark rights under federal law.

43.     UMG repeats and realleges its responses to paragraphs 1-42 above with the same force and effect as if set forth fully herein.

44.     No response is required to paragraph 44 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

45.      No response is required to paragraph 45 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited statutory provision and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

46.      No response is required to paragraph 46 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

47.      No response is required to paragraph 47 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

48.      No response is required to paragraph 48 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

49.      No response is required to paragraph 49 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6

50.     No response is required to paragraph 50 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

51.     No response is required to paragraph 51 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

52.     No response is required to paragraph 52 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

53.     No response is required to paragraph 53 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

54.     No response is required to paragraph 54 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

55.     No response is required to paragraph 55 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies

30057/027/4196509.1

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

56.     Paragraph 56 of the First Amended Complaint was omitted.

57.     No response is required to paragraph 57 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

58.     No response is required to paragraph 58 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admit that the marks at issue both contain letters and numbers and respectfully refers the Court to the marks, which speak for themselves with respect to what the letter and number components are.

59.     No response is required to paragraph 59 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admits that the goods and services involved are music related.

60.     No response is required to paragraph 60 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

61.     No response is required to paragraph 61 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

62.     No response is required to paragraph 62 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

63.     No response is required to paragraph 63 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

64.     No response is required to paragraph 64 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

65.      No response is required to paragraph 65 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

66.     No response is required to paragraph 66 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admits that Hernandez is a rap and hip-hop artist who uses the name 6IX9INE in connection with music entertainment services and goods.

67.     No response is required to paragraph 67 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

68.      No response is required to paragraph 68 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

69.     No response is required to paragraph 69 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

70.     No response is required to paragraph 70 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

71.     No response is required to paragraph 71 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the First Amended Complaint.

73.     No response is required to paragraph 73 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

74.     No response is required to paragraph 74 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited authorities and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the First Amended Complaint.

76.     No response is required to paragraph 76 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

77.     No response is required to paragraph 77 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is

required, UMG respectfully refers the Court to the cited authorities and otherwise denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 78 of the First Amended Complaint

79.     No response is required to paragraph 79 to the extent it contains pure conclusions

of law and/or legal argument without any factual allegations.  To the extent any response is

required, UMG denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein.

80.     No response is required to paragraph 80 inasmuch as it states pure conclusions of

law and/or legal argument without any factual allegations.  To the extent any response is

required, UMG respectfully refers the Court to the cited authorities and otherwise denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein.

81.     No response is required to paragraph 81 to the extent it contains pure conclusions

of law and/or legal argument without any factual allegations.  To the extent any response is

required, UMG respectfully refers the Court to the cited authorities and otherwise denies

knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein.

82.     No response is required to paragraph 82 to the extent it contains pure conclusions

of law and/or legal argument without any factual allegations.  To the extent any response is

required, UMG denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein.

83.      No response is required to paragraph 83 to the extent it contains pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

84.      UMG repeats and realleges its responses to paragraphs 1-83 above with the same force and effect as if set forth fully herein.

85.      No response is required to paragraph 85 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited statutory provision and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

86.      No response is required to paragraph 86 inasmuch as it states pure conclusions of law and/or legal argument without any factual allegations.  To the extent any response is required, UMG respectfully refers the Court to the cited statutory provision and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

87.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the First Amended Complaint.

88.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the First Amended Complaint.

89.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the First Amended Complaint, except expressly denies that UMG has willfully engaged in the alleged conduct.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the First Amended Complaint.

91.     UMG repeats and realleges its responses to paragraph 1-90 above with the same force and effect as if set forth fully herein.

92.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the First Amended Complaint.

93.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the First Amended Complaint, except admits that UMG has distributed Hernandez's recordings.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the First Amended Complaint.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the First Amended Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the First Amended Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the First Amended Complaint, except admits that Plaintiff purports to assert a right to trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

98.     Upon information and belief, the claims are barred in whole or part by the doctrine of laches.

## SECOND DEFENSE

99.     The use of the allegedly infringing mark in connection with artistic works is

protected by the First Amendment.

## THIRD DEFENSE

100.     Any infringement that may have occurred was innocent in nature and UMG has

acted at all times in good faith.

WHEREFORE, UMG demands judgment as follows:

(a)     Ordering that Plaintiff takes nothing by way of its First Amended Complaint;

(b)     Ordering that the action be dismissed with prejudice;

(c)     Awarding UMG costs and its attorneys' fees; and

(d)     Granting such other and further relief as to this Court may seem just and proper.

Date: October 27, 2022

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:/s/ Richard S. Mandel
     Richard S. Mandel (rsm@cll.com)

114 West 47th Street
New York, New York 10036
Tel:     (212) 790-9200
Fax:     (212) 575-0671

*Counsel for Defendant UMG Recordings, Inc.*

30057/027/4196509.1