

**Fox Rothschild LLP**
ATTORNEYS AT LAW

101 Park Avenue, Suite 1700
New York, NY 10178
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

November 1, 2022

**VIA PACER AND E-MAIL**

Judge Analisa Torres
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:   <u>*Warren Hamilton, Jr. v. Daniel Hernandez, et al.*, Case No. 1:22-cv-06172-AT</u>

Dear Judge Torres:

     This Firm represents defendant TenThousand Projects, LLC ("TenThousand") in the above referenced action.

     We are sending this letter pursuant to Rule III B. of Your Honor's Individual Practices in Civil Cases to advise of the TenThousand's anticipated motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[1]

     While Plaintiff has, jointly with TenThousand, has requested an extension of TenThousand's time to respond to Plaintiff's Amended Complaint [DN 60], TenThousand is submitting this pre-motion letter in an abundance of caution and to stay TenThousand's time to move or answer, in the event the Court does not rule on the joint motion to extend TenThousand's time to respond.

---

[1] TenThousand served a pre-motion letter upon Plaintiff's counsel in response to Plaintiff's original Complaint [DN 5], after which Plaintiff filed an Amended Complaint [DN 37], which was formalized via consent order on October 18, 2022 [DN 50]. TenThousand served another pre-motion letter upon Plaintiff's counsel, in response to the Amended Complaint, on October 27, 2022.



November 1, 2022
Page 2

Simply, Plaintiff's claims against TenThousand are unquestionably subject to dismissal for lack of personal jurisdiction. As Plaintiff concedes in his Amended Complaint, TenThousand is a California limited liability company with a principal address and registered agent in California. Amended Complaint, ¶ 7 (ECF No. 37). Plaintiff has failed to assert any justifiable basis for exercising jurisdiction over TenThousand in New York in any discernible way.

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metropolitanb Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). Under New York law, there are two bases for exercising personal jurisdiction over out-of-state defendants: (1) general jurisdiction pursuant to N.Y. C.P.L.R. § 301; or (2) long arm jurisdiction pursuant to N.Y. C.P.L.R. § 302. *Allied Dynamics Corp. v. Kennametal Inc.*, 965 F. Supp. 2d 276, 288-289 (E.D.N.Y. 2013). There is no basis for the exercise of jurisdiction over TenThousand under either of these theories.

### A. This Court Lacks General Jurisdiction Over TenThousand

Plaintiff has failed to allege any facts in the Amended Complaint that would allow the Court to exercise general jurisdiction over TenThousand, as such jurisdiction can only be exercised where "the defendant 'is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction.'" *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).

The Amended Complaint does not allege that TenThousand has any contacts with New York that are "continuous and systematic." Defendant is a California limited liability company with its principal place of business in California. TenThousand does not maintain an office in New York, owns no real estate in New York, does not solicit business in New York, and does not have employees that regularly work in New York. As such, there is no basis for the Court to exercise general jurisdiction over TenThousand.

### B. This Court Lacks Specific Jurisdiction Over TenThousand

Plaintiff has also failed to allege any facts that would warrant the Court's exercise of specific jurisdiction over TenThousand. Specific jurisdiction can only be exercised over a defendant where: (1) a defendant committed purposeful activities in New York; and (2) there was a substantial relationship between such activities and the claim asserted. *Bella v. Bureaus Investment Grp. Portfolio No 15 LLC*, 2019 WL 2932227 (E.D.N.Y. 2019).

Plaintiff's Amended Complaint includes limited meager allegations against TenThousand, including:



November 1, 2022
Page 3

- That TenThousand maintains an interactive website;

- That TenThousand exploits and distributes musical recordings;

- That TenThousand Projects "occasionally visits New York for business meetings and for business opportunities with persons and entities located in New York in effort to increase the sales and revenue that TenThousand Projects derives from the exploitation of the TenThousand Projects's catalog, which includes the musical recordings featuring the 6IX9INE mark."

- That Defendants "arranged for, marketed, promoted, released, and/or exploited musical recordings under the 6IX9INE mark throughout the United States of America (including the State of New York) and the rest of the world. Upon information and/or belief, the Defendants have targeted music consumers in State of New York (including those located within this district) as well as the rest of the world, and the Defendants are continuously selling and/or exploiting such musical recordings and other goods under the 6IX9INE mark in State of New York and the rest of the world.

These allegations – largely entirely conclusory – do nothing to support exercise of specific jurisdiction against TenThousand under applicable law. *See, e.g.*, *Diversapack LLC v. Elite Staffing, Inc.*, 2012 WL 1032687, at *6 (E.D.N.Y. March 20, 2012) ("The fact that a meeting occurred in New York is insufficient to demonstrate personal jurisdiction, and [plaintiff's] bare allegation that the parties met in New York to 'negotiate the final terms' of the contract is insufficient to meet that burden."); *J. McIntyre Machinery v. Nicastro*, 564 U.S. 873 (2011) (placing a product in stream of commerce does not give rise to specific jurisdiction).

Based on the foregoing, TenThousand submits there can be no jurisdiction over it in this action.

Sincerely,

/s/ *Philip Langer*
Philip Z. Langer, Esq.
Timothy C. Matson, Esq.
(*pro hac vice* application forthcoming)

Cc: Counsel of record (via PACER and e-mail)