```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/14/2022_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WARREN HAMILTON, JR.,

                Plaintiff,

-against-

DANIEL HERNANDEZ, TENTHOUSAND
PROJECTS, LLC, UMG RECORDINGS, INC, and
6IX9INE ENTERTAINMENT, INC.,

                Defendants.

22 Civ. 6172 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      By motion dated November 1, 2022, David Chase LanCarte, counsel for Plaintiff, seeks to withdraw as counsel in this action. ECF No. 57. The Court has reviewed LanCarte's *ex parte* affidavit in support of his motion dated November 7, 2022. ECF No. 63. For the reasons stated below, the motion is GRANTED.

      District courts are accorded considerable deference in deciding whether to grant a motion for an attorney's withdrawal. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Local Civil Rule 1.4 provides, in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case[.]

Thus, when considering whether to grant a motion to be relieved as counsel, district courts generally analyze two factors: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Battino v. Cornelia Fifth Ave., LLC*, No. 09 Civ. 4113, 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013); *see also Whiting*, 187 F.3d at 320 ("In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." (internal quotation marks and citation omitted) (alteration in original)).

      As grounds for withdrawal, LanCarte explains that Plaintiff "has breached the [e]ngagement [l]etter agreement with [LanCarte], and irreconcilable differences and conflicts have arisen between attorney and client." ECF No. 58 at 4. It is well-established that "both lack of cooperation by a client with his counsel and the breakdown of an attorney-client relationship are sufficient bases upon which to allow counsel to withdraw." *Nichols v. Aetna Life & Cas. Co.*, No. 94 Civ. 1622, 1997 WL 795721, at *1 (S.D.N.Y. Dec. 24, 1997); *see also Cower v. Albany Law Sch. of Union Univ.*, No. 04 Civ. 0643, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005); *Emile v. Browner*, No. 95 Civ. 3836, 1996 WL 724715, at *1 (S.D.N.Y. Dec. 17, 1996) ("When a client fails to pay legal fees [or] fails to communicate

or cooperate with the attorney . . . these are more than sufficient reasons for counsel to be relieved."). LanCarte has provided a satisfactory reason to be relieved as counsel.

The Court must also consider the impact of withdrawal on the litigation. Here, LanCarte's withdrawal may affect both the timing of motion practice and discovery, as another attorney will need time to become familiar with the litigation. "But this case is not on the verge of trial, and a delay of potential motion practice will not disrupt the proceedings to the point where denial would be warranted." *Taub v. Arrayit Corp.*, No. 15 Civ. 1366, 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016) (internal quotation marks and citation omitted). At present, no trial, hearing dates, scheduling order, or case management plan has been set. Two defendants, Daniel Hernandez and 6IX9INE Entertainment, Inc., have yet to be served.

Accordingly, LanCarte's withdrawal motion is GRANTED. LanCarte is ORDERED to serve Plaintiff with a copy of this order by **November 18, 2022**, and ordered to file proof of service by **November 21, 2022**. By **December 1, 2022**, Plaintiff shall retain counsel, which counsel shall file a notice of appearance, or inform the Court that he intends to proceed *pro se*.

The Clerk of Court is directed to terminate the motion at ECF No. 57 and to terminate David Chase LanCarte from the docket.

SO ORDERED.

Dated: November 14, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge